# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Selene Finance, LP** | **CIVIL ACTION NO:** |
| Plaintiff | **COMPLAINT** |
| vs. | RE:<br>**70 Davenport Street, Augusta, ME 04330** |
| **Shawn L. Totman** | Mortgage:<br>**August 6, 2008**<br>**Book 9820, Page 0056**<br>**Kennebec Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, Selene Finance, LP, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Shawn L. Totman, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Selene Finance, LP, in which the Defendant, Shawn L. Totman, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, plus attorney fees and costs associated with

the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Selene Finance, LP is a corporation with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042.

5. The Defendant, Shawn L. Totman, is a resident of Augusta, County of Kennebec and State of Maine.

## FACTS

6. On August 6, 2008, by virtue of a Warranty Deed from Terry M. Devereaux, which is recorded in the Kennebec Registry of Deeds in **Book 9820, Page 54**, the property situated at 70 Davenport Street, City/Town of Augusta, County of Kennebec, and State of Maine, was conveyed to Shawn L. Totman, being more particularly described by the attached legal description. *See* Exhibit A and A1 (a true and correct copy of the legal description with the scrivener's error and corrected are attached hereto and incorporated herein).

7. On August 6, 2008, Defendant, Shawn L. Totman, executed and delivered to Taylor, Bean & Whitaker Mortgage Corporation a certain Note under seal in the amount of $137,755.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on August 6, 2008, Defendant, Shawn L. Totman executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corporation, securing the property located at 70 Davenport Street, Augusta, ME 04330 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 9820**, **Page 0056**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated August 16, 2012 and recorded in the Kennebec Registry of Deeds in **Book 11137**, **Page 0223**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Selene Finance L.P. by virtue of an Assignment of Mortgage dated October 10, 2014 and recorded in the Kennebec Registry of Deeds in **Book 11945**, **Page 77**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Selene Finance, LP by virtue of a Quitclaim Assignment dated June 1, 2015 and recorded in the Kennebec Registry of Deeds in **Book 12020**, **Page 133**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. On August 12, 2019, the Defendant, Shawn L. Totman, executed a Loan Modification Agreement which is recorded in the Kennebec County Registry of Deeds Book 13321, Page 338 increased the principal amount of the Note to $173,381.96 (herein after referred to as the "Loan Modification"). *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. On February 8, 2022, the Defendant, Shawn L. Totman, was sent a Notice of Mortgagor's Right to Cure, pursuant to Title 14, § 6111 and/or the Note and Mortgage as evidenced by

the Certified Mail Tracking Number (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Shawn L. Totman, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter which was sent both regular and certified mail but not picked up by the Defendant who, upon information and belief, resides in the property, the first class mail containing the letter was not returned. *See* Exhibit H.

15. The Defendant, Shawn L. Totman, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Selene Finance, LP, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Selene Finance, LP, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Selene Finance, LP, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. The total debt owed under the Note and Mortgage as of March 25, 2022 is One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $166,897.41 |
| Interest | $5,915.63 |
| Late Fees | $60.00 |

| | |
|---|---|
| Escrow Advance | $1,733.63 |
| Corporate Advance | $2,243.26 |
| Grand Total | $176,849.93 |

20. Upon information and belief, the Defendant, Shawn L. Totman, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 70 Davenport Street, Augusta, County of Kennebec, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Selene Finance, LP, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Selene Finance, LP, has the right to foreclosure and sale upon the subject property.

24. The Plaintiff, Selene Finance, LP, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Shawn L. Totman, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2021, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of March 25, 2022 is One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $166,897.41 |
| Interest | $5,915.63 |
| Late Fees | $60.00 |
| Escrow Advance | $1,733.63 |
| Corporate Advance | $2,243.26 |
| Grand Total | $176,849.93 |

27. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant, Shawn L. Totman's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate. **If the Defendant received a Bankruptcy discharge of this debt, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.**

29. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Shawn L. Totman, on February 8, 2022, evidenced by the certified mail tracking number. *See* Exhibit H.

30. The Defendant, Shawn L. Totman, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On August 6, 2008, the Defendant, Shawn L. Totman, executed under seal and delivered to Taylor, Bean & Whitaker Mortgage Corporation a certain Note in the amount of $137,755.00. *See* Exhibit B.

33. The Defendant, Shawn L. Totman, is in default for failure to properly tender the July 1, 2021 payment and all subsequent payments. *See* Exhibit H.
34. The Plaintiff, Selene Finance, LP, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Shawn L. Totman.
35. The Defendant, Shawn L. Totman, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage. **If the Defendant received a Bankruptcy discharge of this debt, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.**
36. The Defendant Shawn L. Totman's breach is knowing, willful, and continuing.
37. The Defendant Shawn L. Totman's breach has caused Plaintiff Selene Finance, LP to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.
38. The total debt owed under the Note and Mortgage as of March 25, 2022, if no payments are made, is One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $166,897.41 |
| Interest | $5,915.63 |
| Late Fees | $60.00 |
| Escrow Advance | $1,733.63 |
| Corporate Advance | $2,243.26 |
| Grand Total | $176,849.93 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

# COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Shawn L. Totman, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corporation who agreed to loan the amount of $137,755.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Shawn L. Totman, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, Selene Finance, LP, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Shawn L. Totman, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2021 payment and all subsequent payments. *See* Exhibit H.

45. The Plaintiff, Selene Finance, LP, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Shawn L. Totman.

46. The Defendant, Shawn L. Totman, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Shawn L. Totman, is indebted to Selene Finance, LP in the sum of One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, for money lent by the Plaintiff, Selene Finance, LP, to the Defendant.

48. Defendant Shawn L. Totman's breach is knowing, willful, and continuing.

49. Defendant Shawn L. Totman's breach has caused Plaintiff, Selene Finance, LP, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs. **If the Defendant received a Bankruptcy discharge of**

**this debt, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.**

50. The total debt owed under the Note and Mortgage as of March 25, 2022, if no payments are made, is One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $166,897.41 |
| Interest | $5,915.63 |
| Late Fees | $60.00 |
| Escrow Advance | $1,733.63 |
| Corporate Advance | $2,243.26 |
| Grand Total | $176,849.93 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Taylor, Bean & Whitaker Mortgage Corporation, predecessor-in-interest to Selene Finance, LP, loaned Defendant, Shawn L. Totman, $137,755.00. *See* Exhibit B.

54. The Defendant, Shawn L. Totman, is in default for failure to properly tender the July 1, 2021 payment and all subsequent payments. *See* Exhibit H.

55. As a result of the Defendant Shawn L. Totman's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Selene Finance, LP. **If the Defendant received a Bankruptcy discharge of this debt, this action <u>does</u>**

**not** seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

56. As such, the Plaintiff, Selene Finance, LP, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

57. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Taylor, Bean & Whitaker Mortgage Corporation, predecessor-in-interest to Selene Finance, LP, loaned the Defendant, Shawn L. Totman, $137,755.00. *See* Exhibit B.

59. The Defendant, Shawn L. Totman, has failed to repay the loan obligation.

60. As a result, the Defendant, Shawn L. Totman, has been unjustly enriched to the detriment of the Plaintiff, Selene Finance, LP as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money. **If the Defendant received a Bankruptcy discharge of this debt, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.**

61. As such, the Plaintiff, Selene Finance, LP, is entitled to relief.

## COUNT VI – REFORMATION OF LEGAL DESCRIPTION

62. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. It was the intent of the parties that the Mortgage, dated August 6, 2008, and recorded in the Kennebec Registry of Deeds in **Book 9820**, **Page 0056**, which is the subject of this foreclosure action, contain the legal description as stated in the deed dated August 6, 2008 in

**Book 9820**, **Page 54**.  A copy of the correct legal description which changes the numerical Lot number from 301 to 31, is attached hereto as Exhibit A1.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Selene Finance, LP, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Selene Finance, LP, upon the expiration of the period of redemption;

c) Find that the Defendant, Shawn L. Totman, is in breach of the Note by failing to make payment due as of July 1, 2021, and all subsequent payments;

d) Find that the Defendant, Shawn L. Totman, is in breach of the Mortgage by failing to make payment due as of July 1, 2021, and all subsequent payments;

e) Find that the Defendant, Shawn L. Totman, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Shawn L. Totman, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2021 and all subsequent payments;

g) Find that the Plaintiff, Selene Finance, LP, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Shawn L. Totman has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Selene Finance, LP, to restitution;

j) Find that the Defendant, Shawn L. Totman, is liable to the Plaintiff, Selene Finance, LP, for money had and received;

k) Find that the Defendant, Shawn L. Totman, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Shawn L. Totman, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Shawn L. Totman, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Selene Finance, LP, is entitled to restitution for this benefit from the Defendant, Shawn L. Totman;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Shawn L. Totman, and in favor of the Plaintiff, Selene Finance, LP, in the amount of One Hundred Seventy-Six Thousand Eight Hundred Forty-Nine and 93/100 ($176,849.93 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Additionally, **if the Defendant received a Bankruptcy discharge of this debt, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.**

r) Reform the legal description in the mortgage and correct the scrivener's error by revising the numerical Lot designation from "310" to "31."

s) For such other and further relief as this Honorable Court deems just and equitable.

                                                                                                    Respectfully Submitted,
                                                                                                    Selene Finance, LP,

|  |  |
|---|---|
| | By its attorney, |
| Dated: April 4, 2022 | |
| | /s/Reneau J. Longoria, Esq. |
| | Reneau J. Longoria, Esq., Bar No. 5746 |
| | Attorney for Plaintiff |
| | Doonan, Graves & Longoria, LLC |
| | 100 Cummings Center, Suite 303C |
| | Beverly, MA 01915 |
| | (978) 921-2670 |
| | RJL@dgandl.com |